**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000985
09-APR-2013
02:25 PM**

NO. CAAP-12-0000985

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

INDYMAC VENTURE, LLC, Plaintiff-Appellant
v.
RICHARD CHARLES HILLARD, et al., Defendants-Appellees
and
JOHN AND MARY DOES 1-20, DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0390(2))

ORDER
(1) DENYING MARCH 13, 2013 MOTION FOR
EXTENSION OF TIME TO FILE OPENING BRIEF AND
(2) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Plaintiff-Appellant Indymac Venture,

LLC's (Appellant Indymac Venture), March 13, 2013 motion for an

extension of time to file its opening brief, (2) the lack of any

other party's response to Appellant Indymac Venture's March 13, 2013 motion, and (3) the record, it appears that we lack jurisdiction over Appellant Indymac Venture's appeal from the Honorable Kelsey T. Kawano's September 17, 2012 order confirming the sale of the foreclosed property for $1,005,000.00.

This appeal arises out of Appellant Indymac Venture's complaint for foreclosure, in which Appellant Indymac Venture alleged an outstanding balance due on a promissory note in the amount of $4,390,261.10, and Appellant Indymac Venture prayed for, among other remedies, a deficiency judgment. When a party desires to assert an appeal from a foreclosure case such as this, the two primary statutes that potentially authorize appellate review of an order confirming the sale of foreclosed property are (1) Hawaii Revised Statutes (HRS) § 667-51 (Supp. 2012) and (2) HRS § 641-1(a) (1993 & Supp. 2012).

HRS § 667-51(a)(2) authorizes a party in a foreclosure action to assert an appeal from a judgment on an order confirming the sale of the foreclosed property that contains the necessary finding for certification pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP):

> § 667-51 Appeals. (a) Without limiting the class of orders not specified in section 641-1 from which appeals may also be taken, the following orders entered in a foreclosure case shall be final and appealable:
>
> (1)   A judgment entered on a decree of foreclosure, and if the judgment incorporates an order of sale or an adjudication of a movant's right to a deficiency judgment, or both, then the order of sale or the adjudication of liability for the deficiency judgment also shall be deemed final and appealable;

(2) A judgment entered on an order confirming the sale of the foreclosed property, if the circuit court expressly finds that no just reason for delay exists, and certifies the judgment as final pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure; and

(3) A deficiency judgment; provided that no appeal from a deficiency judgment shall raise issues relating to the judgment debtor's liability for the deficiency judgment (as opposed to the amount of the deficiency judgment), nor shall the appeal affect the finality of the transfer of title to the foreclosed property pursuant to the order confirming sale.

(b) An appeal shall be taken in the manner and within the time provided by the rules of court.

HRS § 667-51 (emphases added). However, HRS § 667-51(a)(2) does not authorize a party in a foreclosure action to assert an appeal from an "order" confirming the sale of foreclosed property. An order and a judgment are two different things under HRS § 667-51. The circuit court has not entered an HRCP Rule 54(b)-certified judgment on the order confirming the sale of the foreclosed property. Therefore, absent the entry of such a judgment, HRS § 667-51(a)(2) does not authorize appellate review of the September 17, 2012 order confirming the sale of the foreclosed property.

HRS § 641-1(a) authorizes appeals from "final judgments, orders, or decrees[.]" (Emphasis added). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court

-3-

of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). When explaining the applicability of HRS § 641-1(a) to foreclosure cases, the Supreme Court of Hawai'i "has previously noted that foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders." Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002) (citations and internal quotation marks omitted; emphasis added). Although the language in HRS § 641-1(a) generally requires the "final" resolution of all claims against all parties for appealability, the Supreme Court of Hawai'i has held that a foreclosure decree is appealable under HRS § 641-1(a) based on the collateral order doctrine.

> The rational for permitting (and requiring) an appeal of a foreclosure decree and its accompanying orders, even though there may be additional proceedings remaining in the circuit court, is that a foreclosure decree falls within that small class of orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i at 165, 45 P.3d at 365 (citations and internal quotation marks omitted). In contrast to an appeal from a foreclosure decree, however, an appeal from "matters subsequent to the foreclosure decree, such as the confirmation of sale . . . would have to wait until entry of the circuit court's final order in the case." Id. (citation

omitted; emphases added). "In foreclosure cases which result in a deficiency, the last and <u>final order</u> . . . is usually the <u>deficiency judgment</u>." <u>Security Pacific Mortgage Corporation v. Miller</u>, 71 Haw. 65, 70, 783 P.2d 855, 858 (1989) (citation and internal quotation marks omitted) (emphases added); <u>Hoge v. Kane</u>, 4 Haw. App. 246, 247, 663 P.2d 645, 647 (1983) ("In foreclosure cases, which result in a deficiency, the last and final order . . . is usually the deficiency judgment."). The circuit court has not yet entered a deficiency judgment or a final judgment in this case.

Considering that

(a) Appellant Indymac Venture's complaint for foreclosure alleged an outstanding balance due in the amount of $4,390,261.10 and prayed for, among other remedies, a deficiency judgment, and

(b) the September 17, 2012 order confirms the sale of the foreclosed property for a price of $1,005,000.00,

it appears that the September 17, 2012 order confirming the sale of the foreclosed property is <u>not</u> the last and final order in this foreclosure case. Consequently, the September 17, 2012 order confirming the sale of the foreclosed property is <u>not</u> an appealable final order under HRS § 641-1(a), Appellant Indymac Venture's appeal from the September 17, 2012 order confirming the sale of the foreclosed property is premature, and we lack appellate jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Professional Sponsoring Fund, Inc. v. Rao</u>, 5 Haw. App. 382, 384, 694 P.2d 885, 887 (1985) ("Consequently the . . . order confirming the commissioner's sale is an interlocutory order that may not be appealed absent special permission until the second part of the case is completed.").

-5-

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. <u>Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action</u>. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, <u>sua sponte</u>, dismiss that appeal.

<u>Housing Fin. and Dev. Corp. v. Castle</u>, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added). Accordingly,

IT IS HEREBY ORDERED that Appellant Indymac Venture's March 13, 2013 motion for an extension of time to file its opening brief is denied.

IT IS FURTHER HEREBY ORDERED that appellate court case number CAAP-12-0000985 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 9, 2013.

Chief Judge

Associate Judge

Associate Judge

-6-